# EXHIBIT "A"

## NOTIFICACIÓN DE DEMANDA Y CONSTANCIA DE EMPLAZAMIENTO



### EL TRIBUNAL SUPERIOR DE NUEVA JERSEY
### División de Derecho, Parte Civil Especial
#### NOTIFICACIÓN DE DEMANDA

#### ¡LE ESTÁN DEMANDANDO!
SI USTED QUIERE QUE EL TRIBUNAL VEA SU VERSIÓN EN ESTA DEMANDA, TIENE QUE PRESENTAR UNA RESPUESTA POR ESCRITO EN EL TRIBUNAL DENTRO DE UN PERÍODO DE 35 DÍAS O EL TRIBUNAL PODRÍA DICTAMINAR EN SU CONTRA. PARA LOS DETALLES, LEA TODA ESTA PÁGINA Y LA QUE SIGUE.

En la demanda adjunta, la persona que le está haciendo juicio (que se llama *el demandante*) da al juez su versión breve de los hechos del caso y la suma de dinero que alega que usted le debe. Se le advierte que si usted no viene al tribunal en la fecha del juicio para contestar la demanda, es posible que pierda la causa automáticamente y el tribunal puede dar al demandante lo que pide más intereses y costas judiciales. Si se asienta una decisión en contra de usted, un Oficial de la Parte Civil Especial (Special Civil Part Officer) puede embargar su dinero, salario o bienes muebles para pagar toda la adjudicación o parte de ella, y la adjudicación permanece vigente durante 20 años.

Usted puede escoger entre las siguientes cosas y optar por una o más de una:

1. *Responder a la demanda.* Puede conseguir un formulario de respuesta en la Oficina del Secretario de la Parte Civil Especial. El formulario de respuesta le indica el modo de responder por escrito a las alegaciones expuestas en la demanda. Si usted decide responder, tiene que enviar su respuesta a la dirección del tribunal que figura en la página 2, pagar una tasa judicial de $15 dólares y enviar una copia de la respuesta al abogado del demandante, o al demandante si el demandante no tiene abogado. Para hacer estos trámites tiene 35 días (que incluyen fines de semana) a partir de la fecha en que fue "notificado" (le enviaron la demanda). Esa fecha se indica en la página que sigue.

#### ADEMÁS, O EN VEZ DE ELLO, USTED PUEDE

2. *Resolver la disputa.* Usted posiblemente quiera comunicarse con el abogado del demandante, o con el demandante mismo, si el demandante no tiene abogado, para resolver esta disputa. No está obligado a hacerlo si no quiere. Una resolución puede evitar que se asiente una adjudicación en su contra y el demandante podría estar de acuerdo con aceptar un convenio para que se le hagan los pagos, lo cual es algo que el juez no puede imponer. Las negociaciones con el demandante o con el abogado del demandante no suspenderán el término de 35 días para presentar una respuesta a menos que se llegue a un acuerdo por escrito y se presente en el tribunal.

#### ADEMÁS, O EN VEZ DE ELLO, USTED PUEDE

3. *Conseguir un abogado.* Si usted no tiene dinero para pagar a un abogado, es posible que pueda recibir consejos legales gratuitos si se comunica con la oficina de Servicios Legales (Legal Services) al 201-487-2166. Si tiene dinero para pagar un abogado, pero no conoce ninguno, puede llamar a Servicios de Recomendación de Abogados (Lawyer Referral Services) del Colegio de Abogados (Bar Association) de su condado local al 201-488-0044.

Si necesita un intérprete o algún arreglo por una discapacidad, tiene que notificárselo inmediatamente al tribunal.

*[firma]*
Secretario de la Parte Civil Especial

Enmendado 09/04/2012, CN 10536-English-Spanish (Appendix XI-A (1))

SPECIAL CIVIL PART SUMMONS AND RETURN OF SERVICE – PAGE 2

| Plaintiff or Plaintiff's Attorney Information: | |
|---|---|
| Name: Benjamin Nazmiyal | Demand Amount: $15,000.00 |
| Address: Benjamin Nazmiyal Law G | Filing Fee: $50.00 |
| 209 Main Street | Service Fee: $7.00 |
| | Attorney's Fees |
| Fort Lee, NJ 07024- | TOTAL |
| Telephone No.: (201) 377-3403 | |

SUPERIOR COURT OF NEW JERSEY

LAW DIVISION, SPECIAL CIVIL PART

BERGEN COUNTY
10 Main Street
Hackensack, NJ 07601-0000
(201) 527-2700

Luis Tamayo

**Plaintiff(s)**

versus

Docket Number: DC-000367-13
(to be provided by the court)

Financial Recovery Services

Civil Action

**SUMMONS**

**Defendant(s)**

Contract_Reg

Defendant(s) Information: Name, Address & Phone

Financial Recovery Services
820 Bear Tavern Road    Trenton, NJ 08628

Date Served: 01/04/2013

**RETURN OF SERVICE IF SERVED BY COURT OFFICER (For Court Use Only)**

Docket Number: _____
Date: _____ Time: _____ WM____ WF____ BM____ BF____ OTHER____
HT____ WT____ AGE____ HAIR____ MUSTACHE____ BEARD____ GLASSES____
NAME: _____ RELATIONSHIP: _____
Description of Premises: _____

I hereby certify the above to be true and accurate:

Special Civil Part Officer

FILED Dec 28, 2012

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-8507 – Telephone
(201) 849-5074 – Facsimile
Attorneys for Plaintiff
    LUZ TAMAYO

## SUPERIOR COURT OF NEW JERSEY
## LAW DIVISION SPECIAL CIVIL PART
## BERGEN COUNTY

| | |
|---|---|
| LUZ TAMAYO,<br>Plaintiff<br><br>v.<br><br><br><br>FINANCIAL RECOVERY SERVICES, INC<br>Defendant(s). | Docket No. DC-000367-13<br><br>PLAINTIFF'S COMPLAINT |

Benjamin Nazmiyal, Esq.

Plaintiff, complaining of Defendant(s), states as follows:

## COMPLAINT

### Introduction

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, *15 U.S.C. § 1692, et seq.* (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### Parties

2. Plaintiff, LUZ TAMAYO, is an adult residing in Bergen County, New Jersey.

3. Defendant FINANCIAL RECOVERY SERVICES, INC. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 4640 W 77th St, Suite 300 Edina, MN 55435. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

4. Defendant is a "debt collector" as defined by *15 U.S.C. § 1692a(6)* of the FDCPA.

5. Plaintiff is a "consumer" as defined by *15 U.S.C. § 1692a(3)* of the FDCPA.

6. Defendant, FINANCIAL RECOVERY SERVICES, INC., attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to CACH, LLC.

7. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

8. Defendant, FINANCIAL RECOVERY SERVICES, INC., sent a collection letter dated December 21, 2011.

9. Within said collection letter, Defendant misrepresented the amount of debt due in balance at allegedly $1,914.03.

10. Upon information and belief, the correct amount of the debt in question is approximately $1,600.00.

11. Within said collection letter, Defendant misrepresented the account number associated with the debt in question as allegedly ending in 1309.

12. Upon information and belief, Plaintiff is not associated with the alleged account number mentioned in the collection letter dated December 21, 2011.

13. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

14. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of

their employment, and under the direct supervision and control of the Defendant herein.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

16. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## Claims for Relief

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by *15 U.S.C. § 1692a(2)* and *1692a(5)* of the FDCPA.

Defendant, FINANCIAL RECOVERY SERVICES, INC., violated numerous provisions of the FDCPA, including, but not limited to, the following.

The FDCPA § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt. By stating in the collection letter that the amount of debt in balance is $1,914.03, and by associating this amount with an incorrect account number, FINCNAICL RECOVERY SERVICES, INC. falsely represented the character, amount, or legal status of the debt, in violation of the FDCPA.

As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up $1,000, attorney's fees and costs.

Wherefore, Plaintiff respectfully submits that judgment in the sum of $15,000 be entered against Defendants for the following:

(a) That judgment be entered against Defendant for actual damages pursuant to *15 U.S.C. § 1692k(a)(1)*;

(b) That judgment be entered against Defendant for statutory damages pursuant to *15 U.S.C. § 1692k(a)(2)(A)*;

(c) That the Court award costs and reasonable attorney's fees pursuant to *15 U.S.C. § 1692k(a)(3)*; and

(d) That the Court grant such other and further relief as may be just and proper.

Respectfully submitted,

Benjamin Nazmiyal Law Group, P.C.
Attorneys for Plaintiff
Luz Tamayo
By: _____
Benjamin Nazmiyal
December 10, 2012

Rule 4:51-1 Certification
   The undersigned attorneys for the plaintiff certify that the matter in controversy is not the subject of any other action pending in any Court or a pending arbitration proceeding, nor is any other action or arbitration proceeding contemplated. I certify that confidential person identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7b.

Certification

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Date: December 10, 2012   Signature: _____
                                      Benjamin Nazmiyal

RECEIVED    THURSDAY 12/27/2012 5:15:49 PM 9965578

Benjamin Nazmiyal Law Group, P.C.
209 Main St.
Suite 3A
Fort Lee, NJ, 07024
(201) 379-5507- Telephone
(201) 849-5074- Facsimile
Attorneys for Plaintiff
    LUZ TAMAYO

December 10, 2012

Dear Sir/ Madam:

Enclosed please find Plaintiff's complaint.
Additionally, enclosed is a summons and out of state certification for 1 defendant(s).

Very truly yours,
Benjamin Nazmiyal Law Group, P.C.

Benjamin Nazmiyal, Esq.
For the firm





7136 0708 2834 1326 9853

SPECIAL CIVIL PART
LAW DIVISION
BERGEN COUNTY JUSTICE CENTER
10 MAIN ST
HACKENSACK NJ 07601-7000



neopost
01/04/2013
US POSTAGE $05.95

FIRST-CLASS MAIL

ZIP 07601
041L12202082

BER

BER-DC-000367-13
FINANCIAL RECOVERY SERVICES
820 BEAR TAVERN ROAD
TRENTON           NJ   08628